Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
Megan E. Ross (SBN 227776)
mross@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Tel: 626-795-4700
Fax: 626-795-4790

Attorneys for Defendant,
CRST EXPEDITED, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DUEKER, on behalf of himself and all persons similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CRST EXPEDITED, INC., and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: <br><br> **DEFENDANT'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant, CRST Expedited, Inc. ("CRST"), removes this case from the Superior Court of San Joaquin County, California, to the U.S. District Court for the Eastern District of California.

**1.** **<u>The Action</u>**. Plaintiff, Christopher Dueker, filed his Complaint, captioned *Christopher Dueker, on behalf of himself and all persons similarly situated v. CRST Expedited, Inc., and Does 1-50, inclusive*, Case No. STK-CV-UOE-2017-0013882 (the "Complaint"), in the Superior Court of San Joaquin County, California, on December 27, 2017. The Complaint alleges CRST violated California law by: (1) failing to pay putative class members the minimum wage for all hours worked, (2) failing to pay the agreed upon wages for all work performed, (3) failing to provide accurate wage statements, (4) taking unlawful deductions, (5) failing to reimburse business expenses, (6) denying drivers their rest breaks, (7) failing to pay all wages upon discharge, and (8)

engaging in unfair competition. Copies of all the pleadings and papers filed in the Superior Court of San Joaquin County, California of which CRST is aware are attached as *Exhibits A-I*.

**2. Statutory Grounds for Removal.** This action is removable under 28 U.S.C. § 1441(a), which provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. As set forth below, this Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because the matter is a putative class action in which at least one putative plaintiff class member is a citizen of different state than defendant and the amount in controversy exceeds $5,000,000, exclusive of interests and costs.

**3. Citizenship of the Parties.** CRST believes Plaintiff is domiciled in California and is a citizen of California. *See Compl.*, ¶ 1 (alleging employment by CRST in California); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (holding that a party may plead allegations of diversity on the basis of information and belief) (citing 5 Charles Alan Wright *et al.*, Federal Practice and Procedure: Federal Rules of Civil Procedure § 1224 (3d ed., updated 2013) (noting that permitting allegations to be pled on information and belief "is a practical necessity")). CRST is an Iowa corporation with its principal place of business in Iowa. *See Declaration of Angie Stastny* ("Stastny Decl."), ¶ 3 (attached as *Exhibit J*). Therefore, CRST is a citizen of Iowa. 28 U.S.C. 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Plaintiff's naming of unidentified "Doe" defendants is irrelevant to removability. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Kruso v. Int'l Tel. & Telegraph Corp.*, 872 F.2d 1416, 1424 (9th Cir. 1989) (the naming of Doe defendants cannot defeat diversity jurisdiction). Thus, Plaintiff and CRST are citizens of different states, and the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

**4.     Class Action / Aggregate Number of Proposed Class.** A class action under CAFA is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This case is a class action under CAFA because Plaintiff seeks class certification under California Code of Civil Procedure § 382, which authorizes representative actions. *See Compl.,* ¶¶ 9-15.

Plaintiff defines his proposed class to include "all Defendant truck driver employees with a home terminal or a drop location in the State of California who at any time within the four years prior to the date of the filing of the initial Complaint through the date of the final disposition of this action (the "Class Period")," suffered the violations alleged in the Complaint. *Compl.*, ¶ 11. Although CRST does not have a list of "truck driver employees with a home terminal or drop location" in California, CRST maintains records of where its employees reside. Plaintiff's proposed class appears to include all of CRST's California-resident truck driver employees, as well as other truck driver employees who reside in other states and drive into California. CRST's records indicate that CRST has employed approximately 3,994 California residents as truck drivers between December 27, 2013, four years prior to the filing of the Complaint, and January 10, 2018. *Stastny Decl.*, ¶ 5. The aggregate number of the proposed class therefore exceeds the requirement of 28 U.S.C. § 1332(d)(5)(B).

**5.     Amount in Controversy.** Although CRST denies all of Plaintiff's allegations, the amount in controversy by virtue of the claims asserted by Plaintiff in the Complaint exceeds the $5,000,000 jurisdictional threshold.

      **a.     Third Cause of Action: Failure to Provide Accurate Wage Statements**

Plaintiff alleges CRST knowingly and intentionally failed to provide class members with "accurate itemized wage statements" in violation of California Labor Code § 226 and "failed to keep and maintain written records of the daily hours" class

members worked in violation of Labor Code § 1174. *Compl.*, ¶¶ 41-42. Plaintiff seeks penalties for the alleged violations under Labor Code §§ 226(e) and 1174.5. *Compl.*, Prayer for Relief.

Labor Code § 226(e) makes available for recovery $50 per employee for the first pay period where a wage statement violation occurs and $100 per employee for each violation in a subsequent pay period, with the aggregate not to exceed $4,000 per employee. Plaintiff alleges that CRST deprived all class members of "accurate itemized wage statements for each periodic wage payment as required by California law." *Compl.*, ¶ 42. CRST's records indicate that, of the 3,994 putative class members, 1,008 were employed during the one-year limitation period applicable to this claim. *Stastny Decl.*, ¶ 6. Of those, 82 were employed more than 40 weeks. *Id.*, ¶ 7. Those individuals would presumably seek the maximum $4,000 penalty, for a total of $328,000 (82 drivers × $4,000). The remaining 926 putative class members employed during the one-year limitation period who were employed 40 weeks or less would presumably seek penalties depending on the number of weeks worked of $50 for the first pay period worked and $100 for each subsequent pay period worked. CRST's records indicate that the 926 putative class members in question were employed an aggregate 10,677 weeks starting December 27, 2016. *Id.,* ¶ 8. Plaintiff accordingly seeks $50 for each of these 926 drivers for alleged deficiencies in the drivers' first pay statements, a total of $46,300 ($50 x 926 initial pay periods). Plaintiff also seeks $100 for each subsequent allegedly deficient wage statement, a total of $975,100 ($100 x 9,751 subsequent pay periods). Plaintiff accordingly seeks $1,349,400 in penalties under Labor Code § 226(e).

Plaintiff also alleges that CRST violated Cal. Lab. Code § 1174 by failing to keep and maintain written records of the daily hours of Plaintiff and all class members. *Compl.*, ¶ 40. Labor Code § 1174.5 authorizes the imposition of a $500 penalty for failure to maintain records in violation of Labor Code § 1174(d). Penalty provisions are subject to a one-year statute of limitations. Cal. Civ. Proc. Code § 340. Plaintiff

...

therefore seeks a total of $504,000 for this alleged violation (1,008 putative class members employed during the one-year limitation period × $500).

Plaintiff's Third Cause of Action therefore places a total amount of **$1,853,400** in controversy ($1,349,400 under Labor Code § 226(e) and $504,000 under Labor Code § 1174.5).

### b.  Seventh Cause of Action: Failure to Pay Wages at Termination

Plaintiff alleges that CRST willfully failed to pay all class members wages owed to them at the end of their employment in violation of Labor Code §§ 201 and 202. *Compl.*, ¶ 57. He seeks an award of late wage payment penalties for class members under Labor Code § 203. *Id.*, ¶ 59. Section 203 provides that, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, … 202 …, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" for up to 30 days. Cal. Lab. Code § 203. Claims for waiting time penalties under Section 203 are governed by a three-year statute of limitations. *See Pineda v. Bank of Am.*, 241 P.3d 807 (Cal. 2010).

Since December 27, 2014, three years before the Complaint was filed, 2,341 of the 3,994 putative class members ceased employment with CRST. *Stastny Decl.*, ¶ 9. Assuming each class member worked 8 hours per day, with a minimum rate of $10 an hour, Plaintiff seeks a total of **$5,618,400** in waiting time penalties for himself and all putative class members (2,341 former employees × $80 in daily wage × 30 days).

### c.  Total Amount in Controversy

The amount in controversy just by virtue of Plaintiff's Third and Seventh Causes of Action is therefore **$7,471,800** ($1,853,400 + $5,618,400), well in excess of the $5,000,000 required for removal. Moreover, this amount does not include other claims which Plaintiff asserts against CRST that could not be precisely quantified at this early stage of litigation. Nor does it include attorney fees, which Plaintiff seeks, and which may be included in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In class action cases in California, prevailing

plaintiffs have requested, and courts have awarded, attorney fees in the range of 25%-33% of the overall recovery. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491, 492 (E.D. Cal. 2010) (citing to five recent wage and hour cases where federal court judges approved fee awards that ranged from 30% to 33% and approving percentage of the fund award of 33% to class counsel); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841, at *1-4 (E.D. Cal. Nov. 14, 2007) (approving award of 33% of common fund). Thus, Plaintiff is expected to seek at least $**2,241,325** in attorney fees alone, or 25% of the $8,965,300 in controversy by virtue of just the two causes of action discussed above, bringing the amount in controversy to a total of **$9,713,125**.

**6.** **<u>Timeliness of Removal.</u>** Under 28 U.S.C. § 1446, a Notice of Removal must be filed within 30 days of receiving a copy of the complaint if the pleading is removable on its face. If the complaint is not removable on its face, the case must be removed within 30 days of receiving an amended pleading, motion, order, or other paper from which removability may first be ascertained. While CRST was served with the Complaint on January 19, 2018, the 30-day removal period has not begun to run because removability is not evident from the face of the Complaint. Rather, removability can only be determined by performing "mathematical calculation" using information outside the Complaint. *See Kuxhausen v. BMW Fin. Servs.*, 707 F.3d 1136, 1139 - 1140 (9th Cir. 2013) (clock begins running only when the basis for removal is "revealed affirmatively in the initial pleading") (internal quotation marks omitted). Moreover, CRST has not received a post-complaint pleading or other paper that affirmatively and unambiguously specified a damage amount sufficient to satisfy the federal jurisdictional minimums. Thus, because the time to remove has not yet begun to run, removal is timely.

Yet even if the 30-day deadline was triggered by the Complaint, CRST is filing its removal within 30-days of receiving that Complaint on January 19. Therefore, CRST's removal is timely even under the initial 30-day window.

**7.     Notice of Removal to Adverse Parties and to State Court Clerk.** Under 28 U.S.C. § 1446(d), CRST will give written notice of this removal to Plaintiff and to the Clerk of the Superior Court of San Joaquin County, California. Specifically, promptly after filing this Notice of Removal, CRST will send to Plaintiff and will file with the Clerk of the Superior Court of San Joaquin County, California, a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached as *Exhibit K*.

**8.     No Waiver.** By filing this Notice of Removal, CRST does not waive any available defenses.

WHEREFORE, Defendant respectfully removes this case to this Court.

Dated:  February 16, 2018                    Respectfully submitted,

*/s/ Christopher C. McNatt, Jr.*
Christopher C. McNatt, Jr.
Attorney for Defendant
CRST EXPEDITED, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On February 16, 2018, I served the foregoing document described as **DEFENDANT'S NOTICE OF REMOVAL** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Adam Blair Corren
> Spencer D. Sinclair
> Law Offices of Corren & Corren
> 5345 North El Dorado, Suite 7
> Stockton, California 95207

√   **(BY MAIL)**  I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___   **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

√   **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 16, 2018, at Pasadena, California.

_____
Michelle Lazo

4813-2851-9514, v. 15

PROOF OF SERVICE