Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
Megan E. Ross (SBN 227776)
mross@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Tel: (626) 795-4700
Fax: (626) 795-4790

Attorneys for Defendant,
CRST EXPEDITED, INC.

SAN JOAQUIN COUNTY
SUPERIOR COURT
**FILED by FAX**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN JOAQUIN

| | |
|---|---|
| CHRISTOPHER DUEKER, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CRST EXPEDITED, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: STK-CV-UOE-2017-0013832<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: December 27, 2017<br>Hon. Elizabeth Humphreys<br>Dept. 10C<br>Trial Date: Not Set |

Defendant, CRST Expedited, Inc., responds to the Complaint filed on December 27, 2017 by Plaintiff, Christopher Dueker ("Complaint"), as follows:

## I.

### GENERAL DENIAL

Under California Code of Civil Procedure § 431.30(d), Defendant generally and specifically denies every allegation and cause of action contained in the Complaint. Defendant specifically denies that (1) Plaintiff, or the class he seeks to represent is entitled to any of the relief requested; (2) Defendant violated any statute or other legal requirement pertaining to compensation to be paid to its drivers; (3) Defendant is guilty of any wrongful conduct or omission; and (4) any conduct or omissions of Defendant caused any injury or damage to Plaintiff, or the class he seeks to represent.

//

//

## II.

## **AFFIRMATIVE DEFENSES**

Under California Code of Civil Procedure § 431.30(g), Defendant pleads the following additional defenses to the Complaint, without conceding that it has the burden of proof or persuasion on any of these issues or that it is liable for any claims against it:

1. The Complaint should be dismissed because questions regarding the benefits and protections to which Plaintiff claims to be entitled, including Plaintiff's entitlement to those benefits, and the amount of any benefits, are within the exclusive jurisdiction of certain California state or federal administrative agencies.

2. Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

3. Some or all of Plaintiff's claims are barred by the doctrine of laches.

4. Some or all of Plaintiff's claims are barred by the doctrine of unclean hands and/or the doctrine of waiver.

5. Some or all of Plaintiff's claims imposing penalties would be inequitable and unjust and are therefore barred because a good faith dispute exists as to whether additional compensation is due and owing and Defendant has not intentionally or willfully failed to pay additional compensation.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences.

7. Plaintiff's claims must be dismissed to the extent they relate to work activities performed outside of California because the California Labor Code and California Business & Professions Code § 17200 does not apply to work activities performed outside the state.

8. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

9. Some or all of Plaintiff's claims are barred because Plaintiff consented to the alleged conduct of Defendant.

10. Some or all of Plaintiff's claims should be reduced by the doctrines of set off and recoupment.

11. Plaintiff has been fully compensated for any wages owed, and, by accepting the payments made to him, he created an accord and satisfaction of his claims.

Exhibit I
Page 2 of 6
2
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1  12. Plaintiff is not entitled to equitable relief because he has an adequate remedy at law.

2  13. Even assuming for the sake of argument that Defendant violated a statute in the California Labor Code or California Business & Professions Code, any violation was a result of an act or omission in good faith, and Defendant had reasonable grounds for believing the act or omission was not a violation of any statute, order, regulation, or policy.

14. Any claim for penalties is unconstitutional under the U.S. Constitution and the California Constitution.

15. California Business & Profession Code § 17200, et seq., is unconstitutional, vague, and over broad in the manner in which Plaintiff claims that the statutes apply to Defendant's business practices and thus constitutes a violation of Defendant's rights to due process and equal protection.

16. Pre-judgment interest may not be granted because the damages claimed by Plaintiff are not sufficiently certain to allow an award of pre-judgment interest.

17. Plaintiff's allegations against unidentified "Doe" defendants must be dismissed because Plaintiff has failed to identify and serve those purported defendants in a timely manner.

18. Plaintiff's claims, including his meal and rest break claims, are preempted under the Supremacy Clause of the U.S. Constitution, U.S. Const., art. VI, cl. 2, because compliance with California's Labor Code requirements affect Defendant's prices, routes, and services within the meaning of the express preemption provision of the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501.

19. To the extent that Plaintiff seeks to recover under California's meal and rest period rules, that recovery is preempted under the Supremacy Clause of the U.S. Const., art. VI, cl. 2, because (a) California's meal and rest break rules conflict with the federal hours of service regulations, 49 C.F.R. Part 395, by imposing a different standard than that carefully set at the federal level by the Federal Motor Carrier Safety Administration ("FMCSA"); and (b) the FMCSA's regulation of the hours of service of drivers in interstate commerce through the federal hours of service regulations, 49 C.F.R. Part 395, leaves no room for additional or supplemental state regulation of drivers' hours of service.

20. Plaintiff's claims regarding Defendant's alleged failure to reimburse Plaintiff's business

Exhibit I
Page 3 of 6
3
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

expenses under California law are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because (a) they conflict with the Federal Leasing Regulations, 49 C.F.R. Part 376, by prohibiting what is expressly permitted under those regulations; and (b) they affect Defendant's prices, routes, and services within the meaning of the express preemption provision of the FAAAA.

21.  Plaintiff's claims are barred because they are an undue burden on interstate commerce in violation of the Commerce Clause of the U.S. Const., art. I, § 8, cl. 3.

22.  Plaintiff has waived his right to some or all of the meal and rest breaks by failing to take breaks provided to him as required by law, by choosing to take breaks that were authorized and permitted, or by waiving his right to take breaks.

23.  Plaintiff's claims under California Labor Code §§ 226.7 and 221 fail because those statutes do not provide for a private right of action.

24.  To the extent Plaintiff seeks wages or penalties for both alleged meal and rest break violations for the same working day, those wages or penalties are duplicative and improper.

25.  Plaintiff cannot recover alleged unpaid meal and rest break compensation under California Business & Professions Code § 17200 because any compensation required under the applicable California Labor Code provisions is not subject to equitable relief.

26.  To the extent that Plaintiff seeks putative damages based on the alleged acts of Defendant, the Complaint violates Defendant's right to substantive due process as provided by the U.S. Constitution and the California Constitution.

27.  Plaintiff's claims are barred, in whole or in part, or any penalties assessed must be reduced or eliminated to the extent that the liability of the Defendant is limited under a contractual provision or otherwise.

28.  Plaintiff's claims are barred because Plaintiff lacks standing to assert them.

29.  Imposing replicating penalties would violate Defendant's due process rights under the Fourteenth Amendment of the U.S. Constitution and under the Constitution and laws of the State of California. *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 124 P.3d 408, 421 (Cal. 2005), as modified (Jan. 18, 2006).

30. Without waiving its ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth above against every member of the certified class.

31. Defendant will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

WHEREFORE, Defendant requests judgment as follows:

A. That this action not be certified as a class action;

B. That Plaintiff take nothing by way of the Complaint;

C. That judgment be entered against Plaintiff and in favor of Defendant;

D. That Defendant be awarded its attorney fees and costs incurred in this case; and

E. That Defendant be awarded all other necessary and proper relief.

Dated: February 15, 2018

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP

By: _____
Megan E. Ross
Attorneys for Defendant,

CRST EXPEDITED, INC.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

I, **Tracie Windom**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On February 15, 2018, I served the foregoing document described as **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Adam Blair Corren
> Spencer D. Sinclair
> Law Offices of Corren & Corren
> 5345 N. El Dorado, Suite 7
> Stockton, CA 95207

√   **(BY MAIL)**  I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

√   **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

—   **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 15, 2018, at Pasadena, California.

_____
Tracie Windom

4838-1670-7930, v. 14

Exhibit I
Page 6 of 6