1  Christopher C. McNatt, Jr. (SBN 174559)
   cmcnatt@scopelitis.com
2  Megan E. Ross (SBN 227776)
   mross@scopelitis.com
3  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
   2 North Lake Avenue, Suite 560
4  Pasadena, California 91101
   Tel: (626) 795-4700
5  Fax: (626) 795-4790

6  Charles Andrewscavage (Admitted *Pro Hac Vice*)
   candrewscavage@scopelitis.com
7  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
   30 West Monroe Street, Suite 600
8  Chicago, IL 60603
   Tel: (312) 255-7200
9  Fax: (312) 422-1224

10 James H. Hanson (Admitted *Pro Hac Vice*)
   jhanson@scopelitis.com
11 R. Jay Taylor, Jr. (Admitted Pro Hac Vice)
   jtaylor@scopelitis.com
12 Adam J. Eakman (Admitted *Pro Hac Vice*)
   aeakman@scopelitis.com
13 SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.
   10 West Market Street, Suite 1400
14 Indianapolis, IN 46204
   Tel: (317) 637-1777
15 Fax: (317) 687-2414

16 Attorneys for Defendant, CRST EXPEDITED, INC.

17

18                    UNITED STATES DISTRICT COURT

19                    EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DUEKER, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CRST EXPEDITED, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-00381-JAM-CKD<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hearing:       June 26, 2018<br>Time:          1:30 p.m.<br>Judge:         Hon. John A. Mendez<br>Courtroom:     6<br><br>Action Filed:  December 27, 2017<br>Removed:       February 16, 2018<br>Trial Date:    Not Set |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. Standard Under Rule 12(c) ................................................................................. 2

    B. Plaintiff Fails to Allege Any Facts Showing He is Entitled to Relief ................................................................................................................. 2

        1. Plaintiff fails to sufficiently allege any minimum wage violation (Count I) ............................................................................... 3

        2. Plaintiff fails to sufficiently allege a claim for relief under Cal. Lab. Code §§ 201-203 (Counts II and VII) ...................... 4

        3. Plaintiff fails to sufficiently allege a claim for failure to provide accurate wage statements and has no right to seek relief for alleged violations of CRST's recordkeeping obligations (Count III) ............................................... 6

        4. Plaintiff fails to sufficiently allege claims for unlawful deductions or unreimbursed expenses (Counts IV and V) ................ 8

        5. Plaintiff fails to sufficiently allege a claim for failure to provide rest breaks (Count VI) ......................................................... 9

        6. Plaintiff's UCL claims (Counts VIII and IX) are derivative of his other claims and should also be dismissed ................................................................................................. 11

        7. Plaintiff's class allegations do not satisfy Rule 8 pleading requirements ................................................................................ 11

    C. The Court Should Strike Plaintiff's Class Allegations Because They Are Impermissibly Fail-Safe ............................................................. 12

III. CONCLUSION ............................................................................................................. 14

i

Case No. 2:18-cv-00381-JAM-CKD
Defendant's Memorandum of Points and Authorities in Support of Motion for Judgment on the Pleadings

# TABLE OF AUTHORITIES

## Cases

*Allchin v. Volume Servs., Inc.*,
  2017 WL 3337141 (S.D. Cal. Aug. 4, 2017) .................................................................. 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................ 1, 2, 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 1, 2, 3, 10

*Brazil v. Dell Inc.*,
  585 F. Supp. 2d 1158 (N.D. Cal. 2008) ....................................................................... 13

*Carter v. Rasier-CA, LLC*,
  2017 WL 4098858 (N.D. Cal. Sept. 15, 2017) ............................................................ 3, 4

*Clark v. EmCare, Inc.*,
  2017 WL 1073342 (C.D. Cal. Mar. 21, 2017) ............................................................... 5

*Cordell v. PICC Lines Plus LLC*,
  2016 WL 4702654 (N.D. Cal. Sept. 8, 2016) ................................................................ 8

*Dixon v. Monterey Fin. Servs., Inc.*,
  2016 WL 3456680 (N.D. Cal. June 24, 2016) ............................................................ 13

*Dworkin v. Hustler Magazine, Inc.*,
  867 F.2d 1188 (9th Cir. 1989) ....................................................................................... 2

*Freeman v. Zillow, Inc.*,
  2015 WL 5179511 (C.D. Cal. Mar. 19, 2015) ............................................................. 10

*Guerrero v. Haliburton Energy Servs., Inc.*,
  2016 WL 6494296 (E.D. Cal. Nov. 2, 2016) ................................................................. 5

*Gunawan v. Howroyd–Wright Emp't Agency*,
  997 F.Supp.2d 1058 (C.D. Cal. 2014) ........................................................................... 9

*Hennighan v. Insphere Ins. Sols., Inc.*,
  2013 WL 1758934 (N.D. Cal. Apr. 24, 2013) ............................................................... 9

*John v. Nat'l Sec. Fire & Cas. Co.*,
  501 F.3d 443 (5th Cir. 2007) ....................................................................................... 13

*Johns v. Bayer Corp.*,
  280 F.R.D. 551 (S.D. Cal. 2012) ................................................................................. 12

*Kamar v. RadioShack Corp.*,
  375 Fed.Appx. 734 (9th Cir. 2010) .................................................................... 2, 12, 13

*Kamath v. Robert Bosch LLC*,
  2014 WL 2916570 (C.D. Cal. June 26, 2014) ............................................................... 9

*Kissling v. Ohio Cas. Ins. Co.*,
  2010 WL 1978862 (E.D. Ky. May 14, 2010) .............................................................. 13

*Lith v. Iheartmedia + Entm't, Inc.*,
  2016 WL 4000356 (E.D. Cal. July 25, 2016) ..................................................... 2, 12, 13

*Lopez v. Aerotek, Inc.*,
  2015 WL 4504691 (C.D. Cal. July 23, 2015) .............................................................. 5

*Lopez v. Wendy's Int'l, Inc.*,
  2012 WL 13014600 (C.D. Cal. June 14, 2012) .......................................................... 8, 9

*Lopez v. Wendy's Int'l, Inc.*,
  2011 WL 6967932 (C.D. Cal. Sept. 19, 2011) ........................................................... 5, 6

*Mouchati v. Bonnie Plants, Inc.*,
  2014 WL 1661245 (C.D. Cal. Mar. 6, 2014) ............................................................... 9

*Murphy v. Kenneth Cole Prods., Inc.*,
  40 Cal.4th 1094 (Cal. 2007) ................................................................................. 10

*Nelson v. City of Irvine*,
  143 F.3d 1196 (9th Cir. 1998) ................................................................................ 2

*Norton v. Independence Techs. LLC*,
  2011 WL 3584491 (E.D. Cal. Aug. 15, 2011) ............................................................. 1

*O'Connor v. Boeing N. Am., Inc.*,
  184 F.R.D. 311 (C.D. Cal. 1998) .......................................................................... 12

*Ovieda v. Sodexo Operations, LLC*,
  2012 WL 1627237 (C.D. Cal. May 7, 2012) ............................................... 9, 10, 11, 12

*Prachasaisoradej v. Ralph's Grocery Co.*,
  42 Cal.4th 217 (Cal. 2007) .................................................................................... 8

*Price v. Starbucks Corp.*,
  192 Cal.App.4th 1136 (Cal. Ct. App. 2011) ............................................................... 7

*Raphael v. Tesoro Ref. & Mktg. Co. LLC*,
  2015 WL 4127905 (C.D. Cal. July 8, 2015) ............................................................ 3, 4

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
  2013 WL 5775129 (C.D. Cal. Oct. 25, 2013) .......................................................... 12

*Sinohui v. CEC Entm't, Inc.*,
  2015 WL 11072128 (C.D. Cal. Mar. 25, 2015) ........................................................ 10

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) .................................................................................. 2

*Tan v. GrubHub, Inc.*,
  171 F. Supp. 3d 998 (N.D. Cal. 2016) ................................................................. 8, 11

*Tucker v. Pac. Bell Mobile Servs.*,
  208 Cal.App.4th 201 (Cal. Ct. App. 2012) ................................................................. 11

*Wilson v. Hewlett–Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) .................................................................................... 11

**Statutes**

Cal. Bus. & Prof. Code § 17200 ........................................................................................ 11

Cal. Lab. Code § 1174 .................................................................................................... 6, 7

Cal. Lab. Code § 1174.5 ...................................................................................................... 8

Cal. Lab. Code § 1194 .................................................................................................. 3, 12

Cal. Lab. Code § 201 ..................................................................................................... 4, 5

Cal. Lab. Code § 201.3 ........................................................................................................ 5

Cal. Lab. Code § 201.5 ........................................................................................................ 5

Cal. Lab. Code § 202 ..................................................................................................... 4, 5

Cal. Lab. Code § 203 .................................................................................................. 4, 5, 6

Cal. Lab. Code § 205.5 ........................................................................................................ 5

Cal. Lab. Code § 221 ...................................................................................................... 8, 9

Cal. Lab. Code § 226 ........................................................................................... 6, 7, 12, 13

Cal. Lab. Code § 226.7 ................................................................................................... 9, 10

Cal. Lab. Code § 2802 .................................................................................................... 8, 9

Cal. Lab. Code § 512 ........................................................................................................... 9

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................. 2

Fed. R. Civ. P. 23 ............................................................................................................... 11

**Regulations**

Industrial Welfare Commission Order No. 9-2001 ................................................... 1, 9, 10

Defendant, CRST Expedited, Inc. ("CRST") respectfully submits this Memorandum of Points and Authorities in Support of Motion for Judgment on the Pleadings seeking dismissal of Plaintiff's Class Action Complaint (Dkt. No. 1-1) ("Complaint" or "Compl.").

## I. INTRODUCTION

Plaintiff, Christopher Dueker, is a former CRST truck driver who alleges CRST violated the California Labor Code, Industrial Welfare Commission Order No. 9-2001 applicable to the transportation industry ("Wage Order No. 9"), and the California Unfair Competition Law ("UCL"). Plaintiff's nine-count Complaint alleges CRST (1) failed to pay minimum wage; (2) failed to pay agreed-upon wages; (3) failed to provide accurate wage statements; (4) made unlawful deductions; (5) failed to reimburse business expenses; (6) failed to provide rest breaks; (7) failed to pay all wages upon discharge; (8) engaged in unlawful business practices; and (9) engaged in unfair business practices. Plaintiff brings his claims on behalf of himself as well as a class of California employee truck drivers who allegedly have or will suffer violations of these California laws. *Compl.*, ¶ 11.

Plaintiff's claims should be dismissed because the Complaint is virtually devoid of facts, including the most basic facts such as (1) his dates of employment; (2) the hours he worked; (3) his rate of pay; (4) how often he performed the tasks for which he alleges he was not compensated; (5) CRST's policies regarding rest breaks; (6) what deductions were allegedly taken from his pay; or (7) what expenses were not reimbursed. Instead, Plaintiff merely recites the elements of his claims and alleges that CRST is liable. These allegations are insufficient to state a plausible claim for relief, and his claims should be dismissed. *See*, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Norton v. Independence Techs. LLC*, 2011 WL 3584491, at *2 (E.D. Cal. Aug. 15, 2011).

In addition, Plaintiff's proposed class definition is impermissibly "fail-safe"—membership in the proposed class depends on an affirmative finding of CRST's

liability. Such fail-safe classes cannot be certified, *Lith v. Iheartmedia + Entm't, Inc.*, 2016 WL 4000356, at *4 (E.D. Cal. July 25, 2016) (citing *Kamar v. RadioShack Corp.*, 375 Fed. Appx. 734, 736 (9th Cir. 2010)), and Plaintiff's class allegations should therefore be stricken pursuant to Fed. R. Civ. P. 12(f).

## II. ARGUMENT

### A. Standard Under Rule 12(c)

The same judicial standard applies to both a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (noting Rule 12(b)(6) and Rule 12(c) motions are "functionally identical" and subject to the same standard). A motion for judgment on the pleadings is properly granted when, after assuming all the allegations in the pleadings are true, "the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). In deciding this motion, the Court is not required to accept as true allegations that are merely conclusory or based on unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 555 (holding plaintiff must provide "more than labels and conclusions").

### B. Plaintiff Fails To Allege Any Facts Showing He Is Entitled To Relief.

In order to be properly plead, a Complaint must, among other things, satisfy Rule 8(a)(2)'s requirement that it contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Factual allegations must "possess enough heft to show that the pleader is entitled to relief" and a plaintiff must plead a "statement of circumstances, occurrences, and events in support of the claim presented." *Twombly*, 550 U.S. at 556 n.3, 557 (citations omitted).

The Supreme Court has set forth a two-step process for analyzing the sufficiency of a complaint on an early motion. First, the Court must accept as true all factual allegations, but exclude and ignore any "conclusory statements" or "threadbare recitals of the elements." *Iqbal*, 556 U.S. at 678. Second, the Court must determine whether the complaint, on its face, states a plausible claim for relief, not merely a possible one. *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint states a plausible claim for relief if the allegations, taken as true, would be sufficient to sustain a judgment for the plaintiff. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* (quotations omitted).

### 1. Plaintiff fails to sufficiently allege any minimum wage violation (Count I).

In Count I, Plaintiff alleges CRST failed to pay Plaintiff and the putative class members minimum wage for all hours worked, in violation of California Labor Code § 1194. In order to state a claim for failure to pay minimum wage under California law, Plaintiff must "assert sufficient factual allegations about the hours he worked and his related compensation." *Carter v. Rasier-CA, LLC*, 2017 WL 4098858, at *3 (N.D. Cal. Sept. 15, 2017) (dismissing plaintiff's claims for California minimum wage violations); *see Landers v. Quality Commc'ns., Inc.*, 771 F.3d 638, 644 (9th Cir. 2015) (finding that, after *Iqbal* and *Twombly*, "conclusory allegations that merely recite the statutory language" are insufficient to state wage and hours claims). For example, it is insufficient to merely allege that a defendant "did not pay Plaintiff the prevailing minimum wage, for each hour worked," *Carter,* 2017 WL 4098858, at *3, or to allege violations without any "relevant facts or dates during which these alleged violations occurred[.]" *Raphael v. Tesoro Ref. & Mktg. Co. LLC*, 2015 WL 4127905, at *3 (C.D. Cal. July 8, 2015). Instead, Plaintiff must "explain how he calculated [his pay], his

hours worked, or his related hourly rate of pay." *Carter*, 2017 WL 4098858, at *3.

Plaintiff's Complaint is devoid of this critical information. Rather, Plaintiff nakedly alleges that CRST did not compensate him and other putative class members for hours devoted to various tasks, such as waiting, fueling and washing trucks, performing pre- and post-trip inspections, completing paperwork, performing basic truck maintenance, scaling loads, communicating with dispatch, consignees, and others, hooking and unhooking trailers, lay overs and standby time, his DOT 34-hour reset, or sleeper berth time. *Compl.*, ¶ 17. But these naked assertions about activities for which he claims he was not compensated are insufficient to establish that CRST failed to pay him the minimum wage. *Carter*, 2017 WL 4098858, at *3.

Importantly, Plaintiff fails to identify (1) the dates of his employment, (2) the hours he worked, (3) his rate of pay, or (4) any day or hour in which his pay fell below the minimum wage, and he does not explain how the various activities he listed affected his pay, how often he performed them, how long they took, or even if his pay fell below the minimum wage for the hours in which he performed such activities. *Id.*; *Raphael*, 2015 WL 4127905, at *3. Thus, because CRST could not be liable even if the bare-bones facts in Count I were true, *Carter*, 2017 WL 4098858, at *3, Plaintiff's minimum wage claim should be dismissed.

### 2. Plaintiff fails to sufficiently allege a claim for relief under Cal. Lab. Code §§ 201-203 (Counts II and VII).

Plaintiff also brings two counts related to failure to pay wages in a timely manner. First, in Count II of the Complaint, Plaintiff claims CRST "failed to pay [him] the agreed upon wage compensation for all work performed, in violation of California Labor Code sections 201 and 202." *Compl.*, ¶ 37. Second, in Count VII of the Complaint, Plaintiff essentially alleges the same thing, but asserts a claim for penalties under California Labor Code § 203.

Under California Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

Similarly, under California Labor Code § 202, if an employee who is not under a written contract for a definite period quits his employment, his wages become due and payable not more than 72 hours later, unless the employee has given 72 hours' previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting. Finally, California Labor Code § 203 provides that "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203.

Plaintiff has failed to allege any facts sufficient to support his California Labor Code §§ 201-203 claims. While he claims CRST failed to pay him "the agreed upon wage compensation," he neglects to allege how much that compensation was, when he was terminated from his position, or when any compensation payment was due. Courts have dismissed such claims under similar circumstances when the plaintiff fails to allege basic facts necessary to support the claims. *See, e.g., Clark v. EmCare, Inc.*, 2017 WL 1073342, at *6 (C.D. Cal. Mar. 21, 2017) ("[T]he FAC contains no facts stating that [defendant] terminated Plaintiff on a particular date, and thus her claim under Labor Code section 201 is insufficiently pleaded."); *Guerrero v. Haliburton Energy Servs., Inc.*, 2016 WL 6494296, at *8 (E.D. Cal. Nov. 2, 2016) ("Importantly, Plaintiff has not alleged when his employment with Defendant ended, nor has he alleged exactly what wages were earned and unpaid."); *Lopez v. Aerotek, Inc.,* 2015 WL 4504691, at *2 (C.D. Cal. July 23, 2015) (dismissing Section 203 claim where plaintiff merely asserted that "Defendants willfully failed to pay their workers accrued wages due promptly upon separation, as required by Code Sections 201 and 202.").

Moreover, if Plaintiff's claim for failure to pay wages is predicated on his other claims for failure to compensate for rest breaks and unlawful deductions, it must also fail when those claims fail. *See e.g. Lopez v. Wendy's Int'l, Inc.*, 2011 WL 6967932, at

*12 (C.D. Cal. Sept. 19, 2011) (dismissing Section 203 claims after claims for missed meal and rest breaks were dismissed); *see infra* § II.B.4. Plaintiff's claims for failure to pay agreed-upon wages and for Section 203 penalties should be dismissed.

> **3. Plaintiff fails to sufficiently allege a claim for failure to provide accurate wage statements and has no right to seek relief for alleged violations of CRST's recordkeeping obligations (Count III).**

In Count III of his Complaint, Plaintiff claims CRST failed to provide him with accurate itemized wage statements for each pay period in violation of California Labor Code §§ 226 and 1174. *Compl.*, ¶¶ 41-42. Under California Labor Code § 226, an employer must provide its employees with an accurate, itemized wage statement showing nine required items.[1] Plaintiff's Complaint does not allege that his wage statements omitted any of this information. The closest he comes is to claim CRST "failed to keep and maintain written records of the daily hours Plaintiff and the Class members worked as required by California law." *Compl.*, ¶ 41. But the California Labor Code does not require wage statements to contain a record of "daily hours." Instead, the wage statements must only state "total hours." Cal. Lab. Code § 226(a). Plaintiff does not have a Section 226(a) claim.[2]

The Court should also dismiss Plaintiff's claim because he fails to allege cognizable injury. Plaintiff alleges that he was "injured and suffered losses in amounts

---

[1] The nine items are: (1) gross wages earned; (2) total hours worked; (3) number of piece-rate units earned and any applicable piece rate paid; (4) all deductions (which can be aggregated into one upon written orders of the employee); (5) net wages earned; (6) inclusive dates of the period for which the employee is paid; (7) name of the employee and only the last four digits of his/her social security number or employee ID; (8) name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. California Labor Code § 226.

[2] Additionally, Plaintiff cannot justify his failure to allege facts showing a wage statement violation by asserting that Count III is predicated on Plaintiff's other claims because those claims are equally devoid of factual support and must also be dismissed. *See Lopez*, 2011 WL 6967932, at *8 (dismissing wage statement claim where the plaintiff failed to plead claims for missed meal and rest periods and unpaid overtime).

to be determined at trial." *Compl.*, ¶ 43. However, he fails to identify any omissions from his wage statements. A party who suffers no injury as a result of an inaccurate wage statement does not have a claim under Section 226. *See Allchin v. Volume Servs., Inc.*, 2017 WL 3337141, at *8 (S.D. Cal. Aug. 4, 2017) ("To establish a violation of California Labor Code § 226, an employee must establish that they suffered injury resulting from the employer's inaccurate pay stub."). In *Price v. Starbucks Corp.*, 192 Cal.App.4th 1136, 1142-43 (Cal. Ct. App. 2011), the court dismissed a Section 226 claim after the court recognized that the pay statements may have been missing necessary information, but held that "[t]he injury requirement in section 226 . . . cannot be satisfied simply because one of the nine itemized requirements . . . is missing from a wage statement." While Section 226 provides that an employee "is deemed to suffer injury" as a result of a wage statement violation if the omission prevents the employee from "promptly and easily" determining various items,[3] Plaintiff fails to allege that any omissions (again, he fails to identify any) impaired his ability to promptly and easily determine any of the items set out in the statute.

The Court should also dismiss Plaintiff's recordkeeping claim under California Labor Code § 1174. California Labor Code § 1174, which requires employers to

---

[3] The statute specifically provides that harm is presumed if the employee "cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number."

Cal. Lab. Code § 226(e)(2)(B).

"[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by . . . employees employed at the respective plants or establishments," does not provide a private right of action for recovery. Rather, the sole remedy for violations of this provision is civil penalties under California Labor Code § 1174.5. *Cordell v. PICC Lines Plus LLC*, 2016 WL 4702654, at *10 (N.D. Cal. Sept. 8, 2016) (explaining that "[r]ights of action for civil penalties under the Labor Code generally arise under the California Private Attorney General Act ("PAGA"), not under the Labor Code directly.").

### 4. Plaintiff fails to sufficiently allege claims for unlawful deductions or unreimbursed expenses (Counts IV and V).

Plaintiff asserts CRST violated California Labor Code §§ 221 and 2802 by taking unlawful deductions from and failing to reimburse him and other putative class members "for all necessary expenditures." *Compl.*, ¶¶ 46, 5.[4] Section 221 prohibits an employer from deducting its losses and expenses from an employee's pay. *See Prachasaisoradej v. Ralph's Grocery Co.*, 42 Cal.4th 217 (Cal. 2007). Section 2802 requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by that employee in direct consequence of the discharge of his or her duties." Cal. Labor Code § 2802(a). But "[m]erely alleging failure to reimburse unspecified work-related expenses is not enough to state a Section 2802 claim." *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1005 (N.D. Cal. 2016). The same is true for claims under Section 221.

For example, in *Lopez v. Wendy's Int'l, Inc.*, 2012 WL 13014600, at *12 (C.D. Cal. June 14, 2012), the plaintiff alleged that her employer violated Sections 221 and 2802 by charging her for uniforms and equipment necessary to discharge her duties. The court found the plaintiff's allegations insufficient under Rule 8 and dismissed her

---

[4] The paragraphs in Plaintiff's Complaint are not properly numbered. In the Fifth Cause of Action, the numbering starts with paragraph 48, but then includes four extra paragraphs numbered 3-6.

claims because she failed to allege that she specifically paid for a uniform for which she was not reimbursed by the defendant. *Id.*; *see also Ovieda v. Sodexo Operations, LLC*, 2012 WL 1627237, at *2 (C.D. Cal. May 7, 2012) (dismissing plaintiff's Section 221 claim after she failed to allege that she was required to wear a uniform or purchase specific equipment); *Hennighan v. Insphere Ins. Sols., Inc.*, 2013 WL 1758934, at *5 (N.D. Cal. Apr. 24, 2013) (dismissing plaintiff's Section 2802 claim when he did not identify any expenditure he made for which he was not reimbursed).

Here, Plaintiff never alleges any expenses that were allegedly deducted from his pay or not reimbursed. In the absence of allegations that Plaintiff paid for any expenses with his own money or that any such expenses were necessary for performing his job duties, Count IV should be dismissed.

Additionally, regardless of the insufficiency of Plaintiff's allegations, Plaintiff's Section 221 claim must be dismissed because Section 221 does not provide a private right of action. *See Mouchati v. Bonnie Plants, Inc.*, 2014 WL 1661245, at *7–8 (C.D. Cal. Mar. 6, 2014) (holding that Section 221 does not give rise to a private right of action because it does not create an entitlement to wages); *Gunawan v. Howroyd–Wright Emp't Agency,* 997 F.Supp.2d 1058, 1068 (C.D. Cal. 2014); *Kamath v. Robert Bosch LLC*, 2014 WL 2916570, at *5 (C.D. Cal. June 26, 2014).

### 5. Plaintiff fails to sufficiently allege a claim for failure to provide rest breaks (Count VI).

California law requires employers to afford their nonexempt employees meal periods and rest periods during the workday. Cal. Lab. Code §§ 226.7, 512; Wage Order No. 9. California Labor Code § 226.7(a) prohibits an employer from requiring an employee "to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." In turn, Wage Order No. 9 requires an employer to "authorize and permit all employees to take [10-minute] rest periods [for every four hours, or major fraction thereof, worked], which insofar as practicable shall be in the middle of each work period." Wage Order No. 9, § 12(A). Employers who violate these

requirements must pay premium wages equal to one hour of the employee's regular pay for each workday a meal period is not provided. Cal. Lab. Code § 226.7(b); Wage Order No. 9, § 12(B); *see Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094, 1105-06 (Cal. 2007).

In order to survive dismissal, a Plaintiff must do more than merely re-allege the elements of a rest break claim. *Ovieda*, 2012 WL 1627237 at *3. For example, in *Ovieda*, the court dismissed the plaintiff's rest break claim after she failed "to allege that she even once worked a shift long enough to obligate Defendant to provide her with a rest period, let alone that she worked such shifts consistently." *Id.* at *2-3. The court also noted that her complaint "never once alleges the length of any shift worked by Plaintiff to show that Defendants' various obligations under the Labor Code were triggered." *Id.* Plaintiff's Complaint suffers from similar shortcomings, i.e., failing to allege that he worked one shift long enough to trigger rest break requirements and failing to allege that CRST did anything to prevent him from taking rest breaks, a prerequisite for a finding of liability. *See also Freeman v. Zillow, Inc.*, 2015 WL 5179511, at *5 (C.D. Cal. Mar. 19, 2015) (dismissing rest break claim after the plaintiff did not allege "at least one meal or rest break where he worked through the break and was not paid for that time"); *Sinohui v. CEC Entm't, Inc.*, 2015 WL 11072128, at *2 (C.D. Cal. Mar. 25, 2015) ("By merely reciting the applicable statutes for each cause of action and then making conclusory claims repeating the statutory language, [plaintiff's] meal and rest break claims do not cross 'the line from conceivable to plausible.'") (citing *Twombly*, 550 U.S. at 547).

Here, Plaintiff alleges CRST violated Wage Order No. 9 and California Labor Code § 226.7 because CRST "failed to authorize and permit [Plaintiff] and the Class members to take one paid 10 minute (sic) rest break for every four hours worked." *Compl.*, ¶ 23; *see also id.*, ¶¶ 50-51. This is simply a restatement of the legal standard governing his claim. Plaintiff's Complaint is devoid of any facts sufficient to meet that standard. Bald recitation of the elements of a rest break claim is insufficient as a matter

of law. *Ovieda*, 2012 WL 1627237 at *3. Because Plaintiff fails to allege any facts to support his rest break claim, his claim should be dismissed.

### 6. Plaintiff's UCL claims (Counts VIII and IX) are derivative of his other claims and should also be dismissed.

The UCL prohibits "unfair competition," which is "any unlawful, unfair or fraudulent business act or practice . . . ." Cal. Bus. & Prof. Code § 17200. "The UCL borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). Under the statute, "there are three varieties of unfair competition: practices which are unlawful, unfair or fraudulent." *Tucker v. Pac. Bell Mobile Servs.*, 208 Cal.App.4th 201, 225 (Cal. Ct. App. 2012). Here, Plaintiff alleges that CRST committed both "unlawful" and "unfair" business practices. *Compl.*, ¶¶ 60-69. Plaintiff's claims are derivative of his other claims and should be dismissed to the extent the other claims are dismissed. *See Tan*, 2016 WL 1110236, at *7 ("Where the UCL claim is premised on the same acts alleged in the complaint's other causes of action, and those causes of action fail, the UCL claim likewise must be dismissed").

### 7. Plaintiff's class allegations do not satisfy Rule 8 pleading requirements.

Plaintiff also fails to set forth any facts indicating class treatment is appropriate in this case. Plaintiff asserts his claims are typical of the claims of other putative class members because he, "like other Class members, was subject to [CRST's] policies and practices as alleged herein." *Compl.*, ¶ 14. This kind of conclusory allegation of typicality is insufficient to meet the pleading requirements applicable to requests for certification under Fed. R. Civ. P. 23. *See Ovieda*, 2012 WL 1627237, *4 (holding a nearly identical "conclusory allegation does not meet the minimum pleading requirements"). The "common issues" Plaintiff sets forth in Paragraph 13 of the Complaint provide no further support for his class claims, as they are nothing more than

11
Case No. 2:18-cv-00381-JAM-CKD
Defendant's Memorandum of Points and Authorities in Support of Motion for Judgment on the Pleadings

questions of whether CRST's actions violated the law.[5] In *Oveida*, the court dismissed the plaintiff's class claims where the plaintiff similarly failed to allege a single fact "to demonstrate or even suggest that any member of the putative class had similar work experiences." *Ovieda*, 2012 WL 1627237, at *4. The Court should dismiss or strike Plaintiff's class allegations as they provide nothing more than conclusory assertions that CRST violated the law.

### C. The Court Should Strike Plaintiff's Class Allegations Because They Are Impermissibly Fail-Safe.

"A class definition should be 'precise, objective, and presently ascertainable;' that is, the class must be 'definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member.'" *Roth v. CHA Hollywood Med. Ctr., L.P.*, 2013 WL 5775129, at *4 (C.D. Cal. Oct. 25, 2013) (quoting *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998) (internal quotation marks omitted)). "[C]lass treatment is not appropriate if 'the court must determine the merits of an individual claim to determine who is a member of the class.'" *Id.* at *5 (quoting *Johns v. Bayer Corp.*, 280 F.R.D. 551, 555 (S.D. Cal. 2012)).

Classes are impermissible if they are fail-safe. A fail-safe class is one that "is defined in a way that precludes membership unless the liability of the defendant is well-established." *Lith v. Iheartmedia + Entm't, Inc.*, 2016 WL 4000356, at *4 (E.D. Cal. July 25, 2016) (citing *Kamar v. RadioShack Corp.*, 375 Fed.Appx. 734, 736 (9th Cir. 2010)). Courts have discretion to strike class allegations where the proposed class definition "is a textbook example of an impermissible fail-safe class." *Id.* at *5.

For example, in *Lith,* this Court struck class allegations where the plaintiff defined the class to include employees of the defendants who received wage statements that "fail[ed] to accurately show the name and address of the legal entity that is the

---

[5] For example, Plaintiff asserts as common issues: "Whether [CRST]'s failure to pay Class members at least the minimum wage for all hours worked violates California Labor Code Section 1194" and "Whether [CRST]'s failure to provide Class members accurate itemized wage statements in the required manner violates California Labor Code Section 226[.]"

employer as required by Labor Code section 226(a)(8)." *Id.* While the Court recognized that it had discretion to redefine the class, it declined to do so noting that it did "not have the duty, time, nor willingness to do so." *Id.*; *see also Dixon v. Monterey Fin. Servs., Inc.,* 2016 WL 3456680, at *5 (N.D. Cal. June 24, 2016) (striking class allegations where proposed class was impermissibly fail-safe); *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008) (same).

Here, Plaintiff proposes to represent a class consisting of CRST's California truck driver employees who, during the class period:

> were, are, or will not be: 1) paid at least the minimum wage for all hours worked; 2) paid the agreed upon wages for all work performed; 3) provided accurate itemized wage statements; 4) paid all wages due because unlawful deductions were taken from their wages; 5) reimbursed for all necessary business expenditures and/or losses incurred in direct consequence of the discharge of their duties; 6) permitted to take one paid 10 minute rest break for every four hours worked; and/or 7) paid all wages due upon discharge.

*Compl.*, ¶ 11. Under Plaintiff's definition, CRST's liability must be established before members of the proposed class can be identified.

Like the proposed classes in *Lith*, *Brazil*, and *Dixon*, Plaintiff's proposed class is a textbook example of a fail-safe class. Because Plaintiff has not proposed a workable class definition, Plaintiff's class allegations should be stricken and dismissed. *See Lith*, 2016 WL 4000356, at *5, *Brazil*, 585 F.Supp.2d at 1166-67; *Dixon,* 2016 WL 3456680, at *5; *Kissling v. Ohio Cas. Ins. Co.*, 2010 WL 1978862, at *2-3 (E.D. Ky. May 14, 2010) (dismissing fail-safe class allegations in complaint on defendant's Rule 12(b)(6) motion); *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) ("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings.").

## III. CONCLUSION

Plaintiff's Complaint is devoid of any factual allegations sufficient to support his claims and fails to satisfy even the most lenient interpretation of Rule 8's pleading standards. His class allegations similarly lack any factual support and propose an impermissibly fail-safe class. Plaintiff's Complaint should be dismissed.

Dated: May 4, 2018

Respectfully submitted,

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.

/s/*James H. Hanson*
James H. Hanson

Attorney for Defendant,
CRST EXPEDITED, INC.

4818-1776-0863, v. 12