Christopher Dueker
███████-0107
CF39

## CRST Expedited, Inc.
## Driver Employment Contract

This Driver Employment Contract (the "**Contract**") is entered into this day, **02/16/17**, (the "**Effective Date**") in the **State of California** by and between CRST Expedited, Inc. ("**CRST**"), an Iowa corporation, and **CHRISTOPHER DUEKER** ("**Employee**"). In consideration of the parties' respective promises in this Contract and other good and valuable consideration, including but not limited to the expenses, fees and costs advanced by CRST for Employee's driver training as more fully detailed in the Pre-Employment Driver Training Agreement previously entered into by and between the parties (the "**Pre-Employment Driver Training Agreement**"), CRST and Employee agree as follows:

1. EMPLOYMENT. Upon the terms and conditions set forth in this Contract, CRST employs Employee, and Employee accepts employment by CRST.

2. DUTIES OF EMPLOYEE. While employed by CRST, Employee shall devote full time to the performance of Employee's duties to CRST under this Contract. Employee's duties on behalf of CRST are to act as a truck driver for CRST and fulfill all related duties, including, but not limited to, satisfying and complying with all of the standards, requirements, obligations, and conditions set forth in the CRST Professional Driver's Handbook (the "**Handbook**"). Employee acknowledges having received the Handbook during CRST's orientation program, has read, and understands the policies and standards set forth therein. CRST may at any time change Employee's job responsibilities, duties, and standards. CRST may from time to time unilaterally amend the Handbook, and Employee hereby consents to and agrees to be bound under this Contract by any and all such amendments upon receiving notice of the amendment. Employee will not directly or indirectly engage or participate in any activities at any time during the term of this Contract in conflict with duties under this Contract and/or the best interests of CRST. During the Term, Employee shall complete "Phase 3" and "Phase 4" of CRST's Driver Training Program, as those terms are defined in the Pre-Employment Driver Training Agreement.

3. TERM OF EMPLOYMENT. The term of CRST's employment of Employee under this Contract shall be for a period of ten (10) months commencing as of the Effective Date (the "**Term**") subject to termination prior to the end of the Term pursuant to Section 4 of this Contract. Following the Term, CRST shall employ Employee on an at-will basis, and either party may terminate the employment relationship at any time effective immediately

4. TERMINATION OF EMPLOYMENT. During the Term Employee's employment may be terminated only for the following reasons: (1) by CRST with or without Due Cause effective immediately, (2) by mutual agreement of CRST and Employee, or (3) upon the death of Employee. For the purposes of this Contract, "**Due Cause**" means Employee's breach of this Contract and/or Employee's failure to satisfy or comply with any of the standards, requirements, obligations and conditions set forth in the Handbook.

5. COMPENSATION. As compensation for the services to be rendered by Employee under this Contract, CRST will pay Employee the wages, benefits and other compensation set forth in the Handbook. CRST may unilaterally change at any time, by written amendment, the terms, and conditions of the compensation set forth in the Handbook, and Employee hereby consents to all such amendments and agrees that such amendments shall be binding upon Employee.

CRST_D000010

CRST Expedited, Inc. Driver Employment Contract

6. REIMBURSEMENT OF ADVANCES FOR DRIVER TRAINING PROGRAM. Student acknowledges and agrees that CRST advanced on behalf of Employee, in accordance with the Pre-employment Driver Training Agreement, the payment of certain tuition, lodging, transportation and other expenses and fees incurred by Employee in the course of Employee participating in the Driver Training Program ("**DTP**") sponsored by CRST. Student agrees to reimburse CRST for such advances as follows:

   a.   Following the conclusion of Phase 3 and the first week of Phase 4 of the DTP and when Employee is qualified as a company driver (*i.e.*, in the driver's sixth week of employment), CRST will begin deducting on a weekly basis up to a maximum of $40.00 per week from the driver's paycheck in repayment of CRST's advance on behalf of Student payment of certain fees and expenses during Phase 1 of the DTP, as identified in paragraph section 9 of the Pre-Employment Driver Training Agreement. This deduction will continue throughout Employee's employment until Employee pays in full the principal amount plus interest accruing at the rate equal to the lesser of 1.5% per month or the maximum rate permitted by applicable federal and state usury laws. Employee hereby authorizes the aforementioned deduction from Employee's paycheck.

   b. If during the Term either (1) Employee breaches this Contract, or (2) Employee's employment is terminated for Due Cause, then Student will owe and immediately must pay to CRST the following sum: (i) $6,500, plus (ii) the amounts advanced by CRST on behalf of Student (pursuant to section 9 of the Pre-Employment Driver Training Agreement) for Student's DOT physical and drug screen expenses, Lodging Cost and Transportation Cost incurred during Phase 1 that Student has not yet repaid via deductions from weekly pay pursuant to this section 6(a), plus (iii) interest accruing as of the Effective Date at a rate equal to the lesser of 1.5% per month or the maximum rate permitted by applicable federal and state usury laws. Employee hereby authorizes CRST to deduct the amount due under this section 6.b, if any, from the compensation amounts otherwise due to Employee pursuant to section 5 upon the termination of Employee's employment. In the event it is necessary for CRST to employ a collection agency or legal counsel to enforce Employee's obligation under this section 6.b, CRST shall be entitled to recover from Employee such enforcement costs and expenses, including attorneys' fees.

7. ASSIGNMENT. This Contract is not assignable or transferable by Employee. This Contract and the rights and obligations of both parties may be assigned by CRST without notice to or consent of Employee to any other organization with which CRST shares some degree of common ownership, or pursuant to or as the part of a corporate reorganization, corporate restructuring or merger involving CRST, or the sale by CRST of a substantial portion of CRST's assets or business or as part of any similar transaction involving CRST.

8. NOTICE. Any notice required to be given under this Contract must be in writing and made by personal delivery, facsimile, reputable overnight carrier, or registered or certified mail, return receipt requested and postage prepaid to the address for Employee set forth in the signature block of this Contract, and in the case of CRST, to CRST Expedited, Inc., Attn: David L. Rusch, President/COO, P.O. Box 68, Cedar Rapids, IA 52406. Notice shall be deemed given upon delivery in the case of personal delivery or delivery via overnight carrier, upon receipt of electronic confirmation in the case of delivery via facsimile, and three days after the date of mailing in the case of delivery via mail. Either party may change the address to which notices are to be sent by giving written notice to the other party.

CRST_D000011

CRST Expedited, Inc. Driver Employment Contract

9. ENTIRE CONTRACT; BINDING EFFECT. This Contract contains the entire agreement and understanding by and between CRST and Employee with respect to the employment of Employee, and no representations, promises, agreements, or understandings, written or oral, not contained herein shall be of any force or effect. This Contract shall be binding upon and inure to the benefit of CRST and Employee, CRST's legal representatives, successors, and assigns.

10. WAIVER AND AMENDMENT. No waiver of any provision of this Contract shall: (1) be valid unless it is in writing and signed by the party against whom the waiver is sought to be enforced, or (2) be deemed a waiver of any other provision of this Contract at such time or at any other time. No change, amendment, or modification of this Contract shall be valid or binding unless it is in writing and signed by the party intended to be bound.

11. SEVERABILITY. If one or more of the provisions contained in this Contract is deemed invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect the validity and enforceability of the other provisions.

12. GOVERNING LAW AND VENUE. CRST and Employee hereby agree that this Contract and its construction and interpretation shall at all times and in all respects be governed by the laws of the State of California, and any claim, litigation, or dispute arising from or related to this Contract shall be litigated in the appropriate federal or state court located in San Bernardino, California. Employee hereby consents to personal jurisdiction and venue in such court.

**Employee acknowledges having read the terms of this contract and had the opportunity to have the terms used herein and their consequences explained by employee's attorney prior to signing.**

IN WITNESS WHEREOF, CRST Expedited, Inc. and Employee have duly executed this Contract as of the date, year, and place first above written.

**CRST Expedited, Inc.**   Employee SS#: [redacted] 0107

By _____   Signature: _____

_____   Name: Christopher Dueter

Its _____   Address: 748 Dawsmuir DR

                             City, State: Lodi CA

                             Zip Code: 95240